# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 12 2016, 8:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenberg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kadijah Danner, <br> *Appellant-Defendant,* <br><br> *v.* <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 12, 2016 <br><br> Court of Appeals Case No. 49A02-1603-CR-657 <br><br> Appeal from the Marion Superior Court <br><br> The Hon. Linda E. Brown, Judge <br><br> Trial Court Cause No. 49G10-1509-CM-32556 |

**Bradford, Judge.**

# Case Summary

On March 7, 2016, following a bench trial, Appellant-Defendant Kadijah Danner was found guilty of Class B misdemeanor battery. Danner appeals her conviction, contending that that the evidence is insufficient to sustain her conviction and that the evidence supports a finding that Danner acted in self-defense. Concluding that the evidence is sufficient to sustain her conviction and that Danner was not acting in self-defense, we affirm.

# Facts and Procedural History

On September 12, 2015, Erek Wise, his mother Veatrice, and his daughter Deania were at his home preparing dinner for Deania's birthday. Wise's wife Atalaya, his step-daughters Rashidia Proctor and Danner, and his other daughter Chanetta Wise-Smith arrived at his and his wife's house as well. Wise and his wife were in the process of separating, but still lived in the same house. Proctor, Danner and Wise-Smith all went upstairs when they arrived.

Wise believed he had heard Chanetta say something disrespectful about him to Deania and asked for her to come back downstairs. They argued about Chanetta not being invited to Deania's birthday party. Wise felt that Chanetta was continuing to be disrespectful toward him and told her that if she felt that way about him, then she should leave his house. Danner, subsequently, started arguing with Wise and said she was "going to call somebody to deal with [him]." Tr. p. 15. Wise told Danner to leave his house as well. At that point,

Atalaya began arguing with Wise. Wise put his hand on Danner's back to walk her out and then he "received a flurry of hits" from Proctor, Danner, and Wise-Smith. Tr. p. 16. At the end of the altercation, Wise had a cut above his left eye and scratches on his body, and his shirt was ripped. Proctor and Wise-Smith were uninjured in the fight, but Danner might have had some marks on her neck based on testimony by several of the people involved, including Danner, Proctor, Wise-Smith, and Atalaya. The photographs of Danner's neck were not produced at trial.

[4] When Indianapolis Metropolitan Police Officer Jordan Agresta arrived, Wise was outside and his wife, daughters, and stepdaughters were inside. Wise said that there had been a fight and that the cut above his eye was causing him pain. Officer Agresta arrested the three women involved in the fight based on Wise's and his mother's statement as well as the physical evidence of injury to Wise.

[5] At trial, there was conflicting testimony as to the exact events that had occurred. Wise admitted that he grabbed Danner's clothing to walk her out of the house after she was disrespectful to him. However, Proctor, Danner, Wise-Smith, and Atalaya testified that he had been choking Danner and they fought with Wise to help stop him.

[6] Following trial, the trial court judge found Proctor, Danner, and Wise-Smith guilty of Class B misdemeanor battery and sentenced them each to 180 days in jail with 176 days suspended to probation along with anger-management classes and thirty-two hours of community service.

# Discussion and Decision

Danner argues that to sustain a self-defense claim, the defendant must prove that "(1) he was in a place where he had a right to be; (2) he acted without fault; and (3) he had a reasonable fear of death or great bodily harm." *Cole v. State*, 28 N.E.3d 1126, 1137 (Ind. Ct. App. 2015) (citing *Coleman v. State*, 946 N.E.2d 1160, 1165 (Ind. 2011)). When a claim of self-defense is raised, the State has the burden of disproving at least one element of the claim by "affirmatively showing [that] the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief." *Id*. (quoting *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999)). Whether the State met this burden is a question of fact for the fact finder. *Id.*

Indiana Code section 35-41-3-2(c) provides, in relevant part, as follows:

> (c) A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force. However, a person:
>
> > (1) is justified in using deadly force; and
> >
> > (2) does not have a duty to retreat:
> >
> > if the person reasonably believes that that force is necessary to prevent serious bodily injury to the person or a third person or the commission of a forcible felony. No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting the person or a third person by reasonable means necessary.

"The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the

evidence claim." *Id.* (citing *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002)).

The standard for reviewing sufficiency is as follows:

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict could be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State,* 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original).

[10]   Danner argues that the evidence is insufficient to prove that she had been unjustified in her attempt to defend herself. In support of this argument, Danner claims that she was threatened by Wise and reasonably believed that she was in danger. Danner was clearly in a location where she had the right to be, but it was less clear whether she acted without fault and had reasonable fear of death or great bodily harm. Danner, Proctor, Wise-Smith, and Atalaya all testified that Wise was choking Danner. However, Wise denied these allegations and no pictures were produced to show any evidence of injury on

Danner. The trial court was under no obligation to credit the testimony of the four women and did not do so in this case. We will not reevaluate the facts or reassess the witnesses' credibility as determined by the trial court.

[11] The judgment of the trial court is affirmed.

Vaidik, C.J., and Brown, J., concur.